DAVID PARKER
142 Disney Court
Owings Mills, MD 21117

and

DEREK M. LEVINE, and
LIZ G. MORRIS
102 Susan Constant Court
La Plata, Maryland 20646

  Plaintiffs,


v.

AMERICAN HOME MORTGAGE
CORPORATION
520 Broadhollow Road
Melville, NY 21747

Serve On:
Resident Agent
CSC Lawyers Incorporating Servicing Company
11 E. Chase St.
Baltimore, MD 21202

  Defendant.

\*   IN THE 

\*   CIRCUIT COURT

\*   FOR

\*   PRINCE GEORGE'S COUNTY

\*   Case No: __CAE06·04372__

\*

\*

\*   

\*

\*   MAR 3 2006

\*   CLERK OF THE CIRCUIT COURT
   FOR PRINCE GEORGES COUNTY, MD.

\*

\*

\*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## Class Action Complaint
## and Demand for Jury Trial

  COME NOW THE PLAINTIFFS, David Parker, Derek M. Levine, and Liz G. Morris on

behalf of themselves and all others similarly situated, by and through the undersigned attorneys,

John A. Pica, Jr., Thomas P. Kelly, Louis F. Angelos, and the Law Offices of Peter G. Angelos,

P.C., and allege as follows for their class action complaint:

### I. PRELIMINARY STATEMENT

1.  Plaintiffs file this class action seeking damages and relief, on behalf of themselves

and others similarly situated, for violations of Maryland law governing mortgage loans. The Plaintiffs and Class Members have or had mortgage loans either made by, assigned and transferred to, and/or serviced by AMERICAN HOME MORTGAGE CORPORATION (AMERICAN), and were injured by its predatory lending practices.

2.     Predatory lending has grown substantially with the surge in the mortgage market and the advance of many creative mortgage programs.  There are heightening concerns and too many experiences of the way predatory mortgage lending erodes homeowners' equity. Unknowing and/or unsophisticated borrowers with little, if any, leverage at settlement are forced to accept illegal or abusive mortgage terms and fees only to learn later that the terms and fees were illegal.

3.     This Complaint is notice to AMERICAN from the Plaintiffs and all borrowers who are potential members of the Class, as defined herein, that AMERICAN violated Maryland law and in particular the Interest and Usury laws, Md. Code Ann. Com. Law § 12-101 *et. seq*, the Secondary Mortgage Loan Law, ("SMLL"), § 12-401 *et. seq*. and/or the Credit Grantor Closed End Credit Provisions ("CLEC") , Md. Code Ann. Com. Law § 12-1001 *et. seq*. by engaging in the predatory lending practices identified herein.

4.     The predatory lending practices of AMERICAN include: contracting for, charging, collecting or receiving excessive or illegal charges, costs or fees; upon information and belief, contracting for, charging, collecting or receiving excessive charges, costs or fees beyond that necessary to be paid to public officials or governmental agencies for recording or satisfying instruments securing loans; upon information and belief, imposing, charging, collecting or

receiving excessive or illegal prepayment charges, fees or penalties; upon information and belief,

imposing, charging, collecting or receiving excessive or illegal delinquent or late charges; upon

information and belief, contracting for, charging, collecting or receiving an origination fee

combined with a finder's fee which exceeded 10% of the loan's net proceeds; and upon

information and belief, requiring Plaintiff and Class Members to pay broker fees.

## II. JURISDICTION AND VENUE

5.      This Court has jurisdiction over this class action pursuant to the Courts and

Judicial Proceedings Article, Annotated Code of Maryland, §§ 6-102 and 6-103.  The Plaintiffs

and the Class Members obtained mortgage loans from AMERICAN in Maryland or had

mortgages that were sold, assigned or transferred to AMERICAN in Maryland and /or serviced

by AMERICAN and were injured by AMERICAN's predatory lending practices. Pursuant to its

mortgage loans with the Plaintiffs and Class Members, AMERICAN had or has mortgage liens

on real property located throughout the State of Maryland.

6.      AMERICAN is a mortgage company that makes, originates, brokers and/or

services mortgages under the laws of the State of Maryland.  It regularly provides credit to

residents and homeowners throughout the State of Maryland.  It makes, originates, brokers,

services, buys, accepts, sells, and assigns mortgage loans throughout the State of Maryland and

otherwise conducts business in the State of Maryland.

7.      Venue in this case is founded on Courts and Judicial Proceedings Article,

Annotated Code of Maryland, § 6-201 (a).

8.      As part of its business operations, AMERICAN regularly provides credit to

residents of Prince George's County, places mortgage liens on property in Prince George's County, makes, originates, brokers, services, buys, sells, accepts and assigns mortgage loans in Prince George's County, and otherwise conducts business in Prince George's County.

9.     The Plaintiffs and more than two-thirds (2/3) of the members of the proposed Class are residents and citizens of the State of Maryland.

10.    AMERICAN is under the laws of the State of New York and maintains its principal place of business in the State of New York.

11.    There is no Federal subject matter jurisdiction over this dispute.  No federal question is raised by the allegations or causes of action asserted herein. There is no federal preemption of the causes of action asserted herein.

12.    AMERICAN is a defendant whose alleged conduct forms a significant basis for relief and from whom significant relief is sought by the Plaintiffs and Class Members.

13.    This action involves issues of State law.  There is a distinct connection between this forum, the Plaintiffs and the Class Members, and the wrongs alleged.  Injury to the Plaintiffs and Class Members resulted from the action and conduct of AMERICAN within the State of Maryland.

14.    This action does not involve matters of national or interstate interest.

### III. PARTIES

15.    Plaintiff, David Parker (PARKER) resides at 142 Disney Court, Owings Mills, Maryland 21117.

16.    Plaintiffs Derek M. Levine and Liz G. Morris (LEVINE), husband and wife reside

at 102 Susan Constant Court, La Plata, Maryland 20646.

17.     Defendant, AMERICAN, is a New York corporation with its principal place of business in New York. It solicits and does business with residents throughout the State of Maryland, including the Plaintiffs and members of the Class.

## IV. FACTUAL BACKGROUND

18.     The Plaintiffs and the Class Members own residential real estate in Maryland and obtained mortgage loans from AMERICAN in Maryland or obtained mortgage loans that were later sold, assigned or transferred by others to AMERICAN in Maryland.

19.     AMERICAN made, originated, brokered, sold, bought, accepted, assigned and/or serviced hundreds of mortgage loans in the State of Maryland, secured by residential real property located in Maryland and regularly makes, originates, brokers, services, buys, accepts, sells and assigns mortgage loans in Maryland.

20.     In certain of the mortgage loans issued to the Plaintiffs and Class Members, AMERICAN received a promissory note from the borrowers and was named the beneficiary of a mortgage lien to secure those loans.  In other loans AMERICAN was assigned or transferred the promissory notes the Plaintiffs and Class Members had given to other lenders and thereby obtained a lien on the property of the Plaintiffs and Class Members.

## MORTGAGE LENDING LAWS IN MARYLAND

21.     Loans in which a first mortgage lien is placed on residential property are subject to the provisions of the Interest and Usury Laws of Maryland. Md. Code Ann. Com. Law § 12-101 *et. seq.*

22.     If the loan contract provides for them, a prepayment charge or penalty may be collected on a prepayment of the unpaid principal balance of the loan and is not interest. Md. Code. Ann. Com. Law § 12-105 (b)(4).

23.     A lender is entitled to charge a prepayment penalty on a first mortgage loan secured by residential property provided the prepayment penalty does not exceed an amount equal to two (2) months' advance interest on the aggregate amount of all prepayments made in any 12-month period in excess of one-third (1/3) of the amount of the original loan. Md. Code Ann. Com. Law § 12-105(b)(4).

24.     A lender may contract for, charge, collect and receive from the borrower the actual fees paid to a public official or governmental agency for recording or satisfying instruments securing loans. Md. Code Ann. Com. Law § 12-105(a).

25.     A lender who violates the provisions of Subtitle 1 of Title 12 of the Maryland Commercial Law Article shall forfeit to the borrower the greater of three (3) times the amount of interest and charges collected in excess of the interest and charges authorized by Maryland law, or the sum of $500.00. Md. Code Ann. Com. Law § 12-114(a).

26.     The SMLL. regulates the issuance of secondary mortgage loans in the State of Maryland.

27.     A "Secondary Mortgage Loan" is defined by the SMLL as "a loan or deferred purchase price secured in whole or in part by a mortgage, deed of trust, security agreement, or other lien on real property located in the State, which property: (i) Is subject to the lien of one or more prior encumbrances, except a ground rent or other leasehold interest; and (ii) Has a

dwelling on it designed principally as a residence with accommodations for not more than four families." Md. Code Ann. Com. Law §12-401(i).

28.     A lender may not make or offer to make any secondary mortgage loan except within the terms and conditions of the SMLL. Md. Code Ann. Com. Law §12-412.

29.     When making a secondary mortgage loan, a lender may contract for, charge, collect and receive from the borrower only those charges, fees and costs authorized by the SMLL. Md. Code Ann. Com. Law § 12-405.

30.     A lender may only contract for, charge, collect and receive an origination fee, combined with a finder's fee imposed by a mortgage broker, the aggregate of which may not exceed 10% of the loan's net proceeds under the SMLL. Md. Code Ann. Com. Law § 12-405(a)(2).

31.     Whether or not a lender contracts for, charges, collects or receives a loan origination fee, the lender is not entitled to contract for, charge, collect or receive any other charges, fees, points or costs, other than the exact amount to be paid to a public official or governmental agency for recording or satisfying the instrument securing the loan, Md. Code Ann. Com. Law §12-405(a)(4).

32.     Any commission, finder's fee, or point for a loan made under SMLL, shall be paid by the lender and may be paid only to a licensed real estate broker, a lawyer licensed to practice law in Maryland, and a licensee as defined in the SMLL. Md. Code Ann. Com. Law § 12-406.

33.     A lender may only contract for, charge, collect and receive the actual fees paid to a public official or governmental agency for recording or satisfying instruments securing loans.

Md. Code Ann. Com. Law §12-405(b).

34.     A lender may not refinance a loan made under the SMLL more often than once during any twelve month period of the loan and twice during any five year period of the loan. Md. Code Ann. Com. Law § 12-408.

35.     A lender shall permit a borrower to prepay a loan made under the SMLL in full or in part at any time, without penalty. Md. Code Ann. Com. Law § 12-407 (d)(1).

36.     In the event of a prepayment of an entire loan, the lender shall refund or credit to the borrower the unearned portion of any pre-computed interest charge.  Md. Code Ann. Com. Law § 12-407 (d)(2)(f).

37.     A lender may impose, charge, collect and receive a delinquent or late charge of the greater of two dollars ($2.00) or five percent (5%) of the total amount of any delinquency or late periodic installment of principal and interest if: the delinquency has continued for at least 15 calendar days; and a delinquent or late charge has not already been changed for the same delinquency.  Md. Code Ann. Com Law § 12-105(b)(3).

38.     Any lender, officer or employee of a lender or any other person who willfully violates the SMLL is guilty of a misdemeanor punishable by a fine of up to $1,000.00 and/or imprisonment for up to one (1) year.  Md. Code Ann. Com. Law § 12-414.

39.     A lender who violates any provision of the SMLL may collect only the principal amount of the loan and may not collect any interest, costs, or other charges with respect to the loan.  Md. Code Ann. Com. Law § 12-413.

40.     A lender who knowingly violates any provision of the SMLL is also liable to the borrower for a civil penalty of three (3) times the amount of interest and charges collected in

excess of those authorized by the SMLL. Md. Code Ann. Com. Law § 12-413.

41.     A lender may elect to make a loan to any borrower under the CLEC by making a written election to that effect in the agreement, note or other evidence of the loan.  Md. Code Ann. Com. Law § 12-1013.1(a).

42.     If a person fails to elect to extend closed end credit under the CLEC, the provisions of the CLEC do not apply. Md. Code Ann. Com. Law § 12-1013.1 (b)(2).

43.     Consumer borrower means an individual receiving a loan or other extension of credit under the CLEC for personal, household, or family purposes or an individual receiving a commercial loan or other extension of credit for any commercial purpose not in excess of $75,000.00 secured by residential property. Md. Code Ann. Com. Law § 12-1001 (f).

44.     In addition to charging interest, under the CLEC, a lender may charge loan fees, points, finder's fees, and other charges; however all such charges, when combined with any finder's fee imposed by a mortgage broker may not exceed 10% of the original extension of credit. Md. Code Ann. Com. Law § 12-1005(a).

45.     A lender may not impose any prepayment charge in connection with any prepayment by a consumer borrower of a loan made under the CLEC.  Md. Code Ann. Law § 12-1009(e).

46.     Any credit grantor or his officers or employee who willfully violates any provision of the CLEC is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000.00 and/or imprisonment not to exceed one (1) year. Md. Code Ann. Com. Law § 12-1017.

47.     If a lender violates any provisions of the CLEC, the lender may collect only

the principal amount of the loan and may not collect any interest, costs, fees, or other charges with respect to the loan.  Md. Code Ann. Com. Law § 12-1018(a)(2).

48.     Any lender who knowingly violates any provision of the CLEC, shall forfeit three (3) times the amount of interest, fees, and charges collected in excess of that authorized Md. Code Ann. Com. Law § 12-1018.

## V. THE CLASS REPRESENTATIVES' LOANS

### PARKER

*2nd*

49.     PARKER, a consumer borrower, obtained a traditional fixed rate, fixed term, secondary mortgage loan  from AMERICAN on or about April 27, 2005 secured by a lien on his residence located at 142 Disney Court, Owings Mills, MD 21117.  Because AMERICAN did not elect to make the loan subject to the provisions of the CLEC, it was made pursuant to the SMLL. The principal amount of the loan was $89,400.00.

50.     AMERICAN contracted for, charged, collected and received from PARKER a loan origination fee of $447.00.

51.     In violation of the SMLL, AMERICAN also contracted for, charged, collected and received from PARKER the following illegal fees:

|  |  |
|---|---|
| Mortgage Application Fee | $175.00 |
| Document Preparation Fee | $175.00 |
| Courier/FedEx/Handling Fee | $75.00 |
| Recording/Walking Fee | $25.00 |

52.     AMERICAN violated Maryland law when it charged PARKER the aforementioned fees in addition to the loan origination fee.

-10-

53.     The above mentioned illegal and excessive fees contracted for, charged, collected and received by AMERICAN from PARKER, were financed through and pro-rated over the term of the loan so that every monthly mortgage payment included and continues to include a portion of the illegal and excessive fees disguised as principal and interest and payments, thereby wrongly increasing the monthly payments required of PARKER.

54.     AMERICAN did not disclose to PARKER that the fees and costs it contracted for, charged, collected and received from PARKER were illegal.

55.     PARKER has been injured by the predatory lending practices of AMERICAN and continues to be injured each time a required monthly payment is made.

56.     AMERICAN's violations of Maryland law were knowing.

## LEVINE

57.     LEVINE, consumer borrowers, obtained a traditional, fixed rate, fixed term, secondary mortgage loan from AMERICAN on or about April 8, 2004 secured by a lien on their residence located at 102 Susan Constant Court, La Plata, Maryland 20646. Because AMERICAN did not elect to make the loan subject to the provisions of the CLEC, it was made pursuant to the SMLL. The principal amount of the loan was $50,820.00.

58.     AMERICAN chose not to contract for, charge, collect or receive a loan origination fee from LEVINE. The lack of a loan origination fee was used to induce LEVINE to obtain their loan from AMERICAN.

59.     In violation of the SMLL, AMERICAN contracted for, charged, collected and received from LEVINE the following illegal fees:

Credit Report                    $10.00

-11-

| | |
|---|---|
| MERS Reg. Fee | $3.95 |
| Tax Service | $70.00 |
| Settlement/Closing Fee | $100.00 |
| Title insurance Binder | $25.00 |
| Title Insurance | $35.00 |

60.     The above mentioned illegal and excessive fees contracted for, charged, collected and received by AMERICAN from LEVINE, were financed through and pro-rated over the term of the loan so that every monthly mortgage payment included and continues to include a portion of the illegal and excessive fees disguised as principal and interest and payments, thereby wrongly increasing the monthly payments required of LEVINE.

61.     AMERICAN did not disclose to PARKER that the fees and costs it contracted for, charged, collected and received from PARKER were illegal.

62.     LEVINE has been injured by the predatory lending practices of AMERICAN and continues to be injured each time a required monthly payment is made.

63.     AMERICAN's violations of Maryland law were knowing.

## VI. CLASS ACTION ALLEGATIONS

64.     The Plaintiffs bring this action pursuant to Maryland Rule 2-231 on behalf of themselves and all others similarly situated, as representative members of the following proposed Class:

a.      All Maryland residents who received mortgage loans from AMERICAN secured by real property in the State of Maryland, or who received mortgage loans from other lenders in Maryland, which lenders later sold, assigned or transferred those loans to AMERICAN, and who were injured by the predatory lending practices of AMERICAN.

-12-

b.      Excluded from the class are the Defendant and all directors, officers, agents and employees of Defendant;

c.      Any person or entity who timely opts out of this proceeding; and

d.      Any person who has given a valid release of the claims asserted in this suit.

65.     **Numerosity of the Class**. Maryland Rule 2-231 (a) (1). The members of the Class are so numerous that joining the individual members is impracticable. Based upon the land records of the State of Maryland, it is reasonably believed the Class will be compromised of several hundred members. Class Members can be readily identified from information and records in possession and control of AMERICAN or its agents, or through public records.

66.     **Existence and Predominance of Common Questions of Law and Fact**. Maryland Rule 2-231(a)(2) and 2-231(b)(3). There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class. The wrongs suffered and remedies sought by the Representative Plaintiffs and Class Members are identical; the only difference will be the exact monetary relief to which each member of the Class is entitled. Common issues include, but are not limited to, the following:

a.      Whether AMERICAN violated Maryland law by contracting for, charging, collecting or receiving from the Plaintiffs and Class Members excessive or illegal loan origination fees and/or broker's fees;

b.      Whether AMERICAN violated Maryland law by contracting for, charging or receiving from the Plaintiffs and Class Members illegal, prohibited or excessive fees, charges or costs.

c.      Whether AMERICAN violated Maryland law by contracting for, charging, collecting or receiving from the Plaintiffs and Class Members more than the amounts necessary for payment to public

officials or governmental agencies for recording or satisfying instruments securing loans;

d.    Whether AMERICAN violated Maryland law by imposing, charging, collecting or receiving from the Plaintiffs and Class Members excessive or illegal delinquent or late charges.

e.    Whether AMERICAN violated Maryland law by imposing, charging, collecting or receiving excessive and illegal prepayment charges and penalties from the Plaintiffs and Class Members.

f.    Whether AMERICAN's practices constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce as prohibited by the Consumer Protection Act, Maryland Commercial Law Code Ann. § 13-101, *et seq*.

g.    Whether AMERICAN is liable to the Plaintiffs and Class Members for actual damages, statutory damages and civil penalties;

h.    Whether AMERICAN is liable to the Plaintiffs and Class Members for attorneys' fees, costs, and expenses.

i.    Whether AMERICAN is liable to the Plaintiffs and Class Members for declaratory and/or injunctive relief which may be necessary to assure that the Class has an effective remedy.

67.    **Typicality of Claims**. Maryland Rule 2-231(a)(3). The Representative Plaintiffs' claims are typical of those of the Class Members and are based upon the same factual and legal theories. The Plaintiffs and all members of the Class have sustained and/or will continue to sustain damages arising out of Defendant's common course of conduct.

68.    **Adequacy of Representation**. Maryland Rule 2-231(a)(4). The Representative Plaintiffs will fairly and adequately assert and protect the interests of the Class Members. The Representative Plaintiffs' interests are not antagonistic to those of the other Class Members. The Representative Plaintiffs have retained counsel experienced in handling class actions and complex litigation. Neither the Representative Plaintiffs nor their counsel have any interest

which might prevent them from actively and vigorously pursuing this action. The interests of the members of the Class will be fairly and adequately protected by the Plaintiffs and their counsel.

69.     **Superiority**. Maryland Rule 2-231(b)(3).  A class action is superior to other available means for the fair and efficient prosecution of this action. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications for individual Class Members that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or would substantially impair or impede their ability to protect their individual interests.

70.     A certification of the Class would allow litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support individual actions. The individual Class Members are unlikely to be aware of their rights and not in a position, by way of experience or financial means, to commence individual litigation against the defendant.

71.     A class action will result in an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expense, and uniformity of decisions will be assured.

72.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of Maryland Rules 2-231(b)(1) and/or 2-231(b)(2) for the following reasons:

a.     The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class Members, particularly with respect to the equitable claims for relief set forth herein, thus establishing incompatible standards of conduct for Defendant;

b.     The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would,

as a practical matter, be dispositive of the interests of the other members of the class not party to such adjudications or would substantially impair or impede the ability of such nonparty Class members to protect their interests; and

c.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

73.    Accordingly, the proposed Class fulfills the certification criteria of Maryland Rule 2-231(a) and certification of the above-defined classes is appropriate under one or more of the provisions of Maryland Rule 2-231(b).

## COUNT I

## Violation of Maryland Mortgage Lending Laws

74.    The Plaintiffs and Class Members incorporate by reference the allegations contained in Paragraphs 1 through 73 above as though fully set forth herein.

75.    AMERICAN violated Maryland law by contracting for, charging, collecting and receiving from the Plaintiffs and Class Members, illegal, prohibited and excessive charges, fees and costs.

76.    Upon information and belief, AMERICAN violated Maryland law by contracting for, charging, collecting and receiving from the Plaintiffs and Class Members, loan origination fees in excess of that allowable by law.

77.    Upon information and belief AMERICAN violated Maryland law by contracting for, charging, collecting and receiving from the Plaintiffs and Class Members illegal, prohibited and excessive interest, discounts, fees, fines, commissions, brokerage, charges or other considerations.

78.    Upon information and belief AMERICAN violated Maryland law by contracting

for, charging, collecting and receiving broker's fees, finder's fees, commissions or points from the Plaintiffs and Class Members instead of paying such charges, fees and costs itself.

79.     Upon information and belief AMERICAN violated Maryland law when it imposed, charged, collected and received from the Plaintiffs and Class Members excessive and illegal delinquent or late charges.

80.     Upon information and belief, AMERICAN violated Maryland law when it contracted for, charged, collected and received from the Plaintiffs and Class Members fees in excess of that necessary to be paid to public officials and governmental agencies for recording or satisfying instruments securing loans.

81.     Upon information and belief, AMERICAN violated Maryland law when it contracted for, charged, collected and received from the Plaintiff and Class Members, in the aggregate, loan fees, points, finder's fees, and other charges in excess of 10% of the original extension of credit.

82.     The above mentioned illegal, excessive and prohibited charges, fees and costs contracted for, charged, collected and received by AMERICAN from the Plaintiffs and Class Members were financed through and pro-rated over the term of the AMERICAN loans so that every monthly mortgage payment included and/or continues to include a portion of the illegal, excessive and prohibited charges, fees and costs disguised as principal and interest payments, thereby, wrongly increasing the monthly payment required of the Plaintiffs and Class Members.

83.     The Plaintiffs and Class Members have been injured by AMERICAN's predatory lending practices and violations of Maryland law and continue to be injured each time required monthly payments are made.

84.     Upon information and belief, AMERICAN violated Maryland law when it

imposed, charged, collected and received from the Plaintiffs and Class Members prepayment

charges, fees and penalties on first mortgage loans in excess of that permitted by Maryland law.

85.     Upon information and belief, AMERICAN violated Maryland law when it

imposed, charged, collected and received from the Plaintiffs and Class Members prepayment

charges, fees and penalties on secondary mortgage loans.

86.     AMERICAN's violations of Maryland law were knowing.

87.     As a consequence of AMERICAN's violations of Maryland law, AMERICAN

can collect only the principal amount of the loans and must forfeit and reimburse to the Plaintiffs

and Class Members any and all interest, paid over the term of the loans.

88.     As a consequence of AMERICAN's violations of Maryland law, AMERICAN

must forfeit and reimburse to the Plaintiffs and Class Members any and all fees, charges and

costs with respect to the loan.

89.     As a consequence of AMERICAN's violations of Maryland law, AMERICAN

must forfeit to the Plaintiffs and Class Members the greater of three (3) times the amount of the

excessive and illegal prepayment charges and penalties or the sum of $500.00.

90.     As a consequence of AMERICAN's violations of Maryland law, AMERICAN

must pay or credit to the Plaintiffs and Class Members the unearned portion of the pre-computed

interest charge.

91.     As a consequence of AMERICAN's knowing violations of Maryland law,

AMERICAN must forfeit and reimburse to the Plaintiffs and Class Members three (3) times the

amount of all excessive or illegal interest, fees, charges, and costs collected, or received by it.

92.     As a consequence of AMERICAN's violations of Maryland law, the Plaintiffs

and Class Members are entitled to actual and statutory damages plus attorney's fees, costs,

expenses and such other relief as the Court deems proper.

## COUNT II

### Violation of the Consumer Protection Act
### (Md. Code Ann. Com. Law § 13-101. *et seq.*)

93.   The Plaintiffs and Class Members incorporate by reference the allegations

contained in Paragraphs 1 through 92 above as though fully set forth herein.

94.   Section 13-408 of the Maryland Consumer Protection Act., Md. Com. Law Code

Ann. §13-101 et seq., authorizes the Plaintiffs and Class Members to bring an action to recover

for injury or loss sustained as the result of a practice prohibited by the Act.

95.   By engaging in the conduct described above, AMERICAN violated Sections 13-

301(1),(3), and (9) of the Consumer Protection Act by, among other things:

    a.    Engaging in unfair or deceptive trade practices as defined in § 13-301(1) by making false and misleading oral and written statements that had the capacity, tendency, or effect of deceiving or misleading Maryland consumers;

    b.    Engaging in unfair or deceptive trade practices as defined in § 13-301(3) by failing to state material facts, the omission of which deceived or tended to deceive;

    c.    Engaging in unfair or deceptive trade practices as defined in § 13-301(9) through their deception, fraud, misrepresentation, and knowing concealment, suppression, and omission of material facts.

96.   As a consequence of AMERICAN's violations of the Maryland Consumer

Protection Act, the Plaintiffs and Class Members are entitled to any and all damages allowable by

statute resulting from the violations, plus all permissible attorneys fees, costs, expenses and such

other relief and/or injunctive relief which the Court deems proper, including an order for general

restitution to prevent AMERICAN from obtaining unjust enrichment from its illegal conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs and Class Members respectfully request that this Honorable Court issue an order and judgment against AMERICAN as follows:

1.      Certifying the Class and any appropriate Sub-Class thereof under the appropriate provisions of Maryland Rule 2-231, and appointing the Plaintiffs and their counsel to represent the Class;

2.      That AMERICAN is to be financially responsible for the expense of providing all requisite notice to the Class Members;

3.      That the Plaintiffs and Class Members be relieved from the obligation to make further payments of interest to AMERICAN on existing loans;

4.      That AMERICAN is to forfeit and reimburse to the Plaintiffs and Class Members all interest already paid on, and for the loans;

5.      That AMERICAN is to forfeit and reimburse to the Plaintiffs and Class Members all charges, fees and costs paid on, and for the loans;

6.      That AMERICAN is to pay to the Plaintiffs and Class Members three (3) times the amount of all excessive and illegal interest, fees, charges and costs paid on, and for the loans;

7.      That AMERICAN is to forfeit and reimburse to the Plaintiffs and Class Members all excessive and illegal prepayment charges and penalties imposed, charged, collected or received by it;

8.      That AMERICAN is to pay to the Plaintiffs and Class Member three (3) times the

amount of all excessive and illegal prepayment charges and penalties imposed, charged, collected, or received by it;

9.     That AMERICAN is to pay to the Plaintiffs and Class Members the unearned portion of any pre-computed interest charge.

10.     That AMERICAN is to forfeit and reimburse to the Plaintiffs and Class Members all excessive and illegal delinquent or late charges.

11.     That AMERICAN is to pay to the Plaintiffs and Class Members three (3) times the amount of all excessive and illegal delinquent or late charges.

12.     That AMERICAN is to pay monetary damages in an amount to be determined at trial to Plaintiffs PARKER, LEVINE and MORRIS for their special efforts that benefitted the absent Class Members.

13.     That AMERICAN is to pay to the Plaintiffs and Class Members pre-judgment interest.

14.     That AMERICAN is to pay to the Plaintiffs and Class Members post-judgment interest.

15.     That AMERICAN is to pay the Plaintiffs and Class Members all permissible attorney fees, costs and expenses.

16.     Granting the equitable relief requested herein;

17.     Granting the Plaintiffs and Class Members such other extraordinary, declaratory and/or injunctive relief as permitted by law as necessary to assure that the Class has an effective remedy; and

18.     Granting such other and further relief, as the Court deems just and proper, that the

Plaintiffs and Class Members are entitled to receive.

Respectfully Submitted,


JOHN A. PICA, JR.
THOMAS P. KELLY
LOUIS F. ANGELOS
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street, 22nd Floor
Baltimore, Maryland 21201
Voice: (410) 649-2000
Fax: 410-649-2150

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.


JOHN A. PICA, JR.
THOMAS P. KELLY
LOUIS F. ANGELOS



srm